UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Freedom from Religion
Foundation, Inc.; Bruce and
Jean Christensen, Tom Stavros,
Sybille Redmond, William
Van Druten, Robert and LaGretta Dean,

        Plaintiffs,

v.

Dr. Robert H. Bruininks, Dr. Frank
B. Cerra, Dr. Mary Jo Kreitzer, and
Minnesota Faith/Health Consortium,

        Defendants.

Case No. 05-638 JNE/SRN

**JOINT ANSWER**

---

Defendants, for their joint Answer to Plaintiffs' Complaint herein, admit, deny, and allege as follows:

### FIRST DEFENSE

In response to each of the numbered paragraphs of the Complaint, Defendants answer as follows:

1.    As to the allegations in paragraph 1, admit that Plaintiffs allege violation of the Establishment Clause of the First Amendment to the United States Constitution and 42 U.S.C. § 1983, and deny any such violation.

2.    Admit that federal court jurisdiction over the claims against the University of Minnesota officials is proper under 28 U.S.C. § 1331, and deny that the court has subject matter or personal jurisdiction over claims against the Minnesota Faith Health Consortium.

1

3. Admit that that venue is appropriate in the District Court for the District of Minnesota with respect to claims against the University of Minnesota officials pursuant to 28 U.S.C. § 1391, and deny that venue is proper with respect to the claims against the Minnesota Faith Health Consortium.

4. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. As to the allegations in paragraph 14, admit that Robert H. Bruininks is President of the University of Minnesota, with address at 202 Morrill Hall, 100 Church St. S.E., Minneapolis, MN, and deny the remaining allegations.

15. As to the allegations in paragraph 15, admit that Plaintiffs purport to sue President Bruininks in his official capacity.

16. Admit the allegations in paragraph 16.

17. As to the allegations in paragraph 17, admit that Plaintiffs purport to sue Senior Vice President Cerra in his official capacity.

18. Admit the allegations in paragraph 18.

19. As to the allegations in paragraph 19, admit that Plaintiffs purport to sue Dr. Kreitzer in her official capacity.

20. As to the allegations in paragraph 20, state that the University of Minnesota is an institution of higher learning in the State of Minnesota created by the Territorial laws and perpetuated by the Constitution of Minnesota, admit that the University receives a portion of its funding from Minnesota state legislative appropriations, and deny the remaining allegations.

21. As to the allegations in paragraph 21, admit that with respect to the University actions challenged in this complaint President Bruininks, Senior Vice President Cerra, and Dr. Kreitzer are state actors acting under color of state law with regard to actions taken on behalf of the University, and deny the remaining allegations.

22. Deny the allegations in paragraph 22.

23. As to the allegations in paragraph 23, deny that the Minnesota Faith Health Consortium is an independent legal entity with a place of business, state that the Fairview University Hospital employee who administers the Minnesota Faith Health Consortium offices at 2450 Riverside Avenue, Minneapolis, MN 55455, in the Fairview Hospital building, state that while this Answer is submitted on behalf of the Minnesota Faith Health Consortium as a named Defendant, nothing in this Answer waives any defense that the Consortium or its participating members may have to the claims asserted in Plaintiffs' Complaint, and deny the remaining allegations.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. As to the allegations in paragraph 28, state that activities of the Minnesota Faith Health Consortium serve to promote health, including by functioning as a seed bed for faith and health initiatives, and deny the remaining allegations.

29. As to the allegations in paragraph 29, state that the Minnesota Faith Health Consortium was created by agreement between Fairview Health Services, the University of Minnesota, and Luther Seminary, and deny the remaining allegations.

30. As to the allegations in paragraph 30, state that the Minnesota Faith Health Consortium is led jointly by representatives of its participating institutions, including Fairview Health Services, the University of Minnesota, and Luther Seminary, and deny the remaining allegations.

31. Admit the allegations in paragraph 31.

32. As to the allegations in paragraph 32, admit that the University of Minnesota and Fairview Health Services have contributed funding for the Minnesota Faith Health Consortium, and deny the remaining allegations.

33. As to the allegations in paragraph 33, admit that the University of Minnesota has devoted to the Minnesota Faith Health Consortium some funds derived from state legislative appropriations to the University.

34. As to the allegations in paragraph 34, state that administrators within the University's Academic Health Center have participated in planning, developing, and implementing the activities of the Minnesota Health Consortium, and deny the remaining allegations.

35. As to the allegations in paragraph 35, admit that some of the funding for the Minnesota Faith Health Consortium has been from University funds derived from state legislative appropriations to the University, and deny the remaining allegations.

36. As to the allegations in paragraph 36, state that the University of Minnesota Academic Health Center has been a participant in the organization and activities of the Minnesota Faith Health Consortium, and deny the remaining allegations.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. As to the allegations in paragraph 41, admit that the University of Minnesota has developed and plans to offer, but has not yet offered, an academic program entitled the

"Faith/Health Clinical Leadership Program" through the University's Center for Spirituality and Healing, and deny the remaining allegations.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. As to the allegations in paragraph 44, state that the planned Faith/Health Clinical Leadership Program is open to the persons identified in paragraph 44 as well as other registrants, that the Program is described in literature as offering a "transformative educational process," that part of planned curriculum presently described in literature includes exploration of diverse perspectives of theologies and philosophies of healing and one unit of Clinical Pastoral Education, and deny the remaining allegations.

45. As to the allegations in paragraph 45, state that the University's Faith/Health Clinical Leadership Program is a graduate-level program offered to any person who registers for it through the University of Minnesota, and deny the remaining allegations.

46. Admit the allegations in paragraph 46.

47. Admit the allegations in paragraph 47.

48. As to the allegations in paragraph 48, state that the activities of the Minnesota Faith Health Consortium provided impetus for the creation of the Faith/Health Clinical Leadership Program, and deny the remaining allegations.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. As to the allegations in paragraph 54, admit that the presently planned curriculum of the Faith/Health Clinical Leadership Program to be offered by the University of Minnesota is based on the clinical model of education called Clinical Pastoral Education, and deny the remaining allegations.

55. Admit the allegations in paragraph 55.

56. As to the allegations in paragraph 56, state that the Faith/Health Clinical Leadership Program to be offered by the University of Minnesota constitutes a collaboration of the Center for Spirituality and Healing of the University of Minnesota, the Fairview Clinical Pastoral Education Center, and the participants in the Minnesota Faith Health Consortium.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. As to the allegations in paragraph 63, admit that the University of Minnesota has provided to the Minnesota Faith Health Consortium funds derived from state legislative appropriations, deny funds derived from state legislative appropriates have been disbursed to fund the Faith/Health Clinical Leadership Program, and deny the remaining allegations.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. As to the allegations in paragraph 66, admit that, with respect only to the University actions challenged in this Complaint, President Bruininks, Senior Vice President

Cerra, and Dr. Kreitzer are state actors acting under color of state law, and deny the remaining allegations.

67. Deny the allegations in paragraph 67.

68. Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69.

70. As to the allegations in paragraph 70, state that the University of Minnesota has provided to the Minnesota Faith Health Consortium funds derived from state legislative appropriations to the University, and deny the remaining allegations.

71. Deny the allegations in paragraph 71.

72. Except as admitted, denied, or otherwise qualified herein, deny each and every allegation, fact, or thing contained in the Complaint.

## SECOND DEFENSE

73   The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

74. Some or all Plaintiffs lack standing to bring this Complaint.

## FOURTH DEFENSE

75. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims against some or all of the named Defendants.

## FIFTH DEFENSE

76. The Court lacks personal jurisdiction over some or all of Plaintiff's claims against some or all of the named Defendants.

## SIXTH DEFENSE

77. The Minnesota Faith Health Consortium lacks the capacity to be sued; lacks the authority to be sued in a representative capacity; is not a legal entity subject to suit; and is not a proper party to this action under Rules 8, 9, and 17 of the Federal Rules of Civil Procedure, federal law, and state law.

## SEVENTH DEFENSE

78. Plaintiffs' claims against the Minnesota Health Consortium and any of its participating organizations are barred by insufficient service of process.

## EIGHTH DEFENSE

79. Plaintiffs have not been damaged and thus this Complaint presents no case or controversy.

## NINTH DEFENSE

80. Defendants reserve the right to assert any and all other defenses, including affirmative defenses, that become available during the course of discovery or trial.

**WHEREFORE,** Defendants request that judgment be entered dismissing Plaintiffs' Complaint with prejudice, awarding Defendants all costs, disbursements, and attorney's fees associated with this litigation, and granting such other and further relief as the Court deems just and proper.

Dated:  April 22, 2005

MARK B. ROTENBERG
General Counsel
University of Minnesota


By   /s/ Tracy M. Smith
Tracy M. Smith (#19718X)
Associate General Counsel
360 McNamara Alumni Center
200 Oak Street S.E.
Minneapolis, MN  55455-2006
(612) 624-4100

Attorneys for Defendants